UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANDA BEACHAM o/b/o
MARK BEACHAM,

    Plaintiff,

v.                                                      CASE NO. 8:19-cv-2545-T-60SPF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court on Plaintiff's Unopposed Motion for Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. 23). On August 18, 2020, the district judge entered an Order reversing and remanding the case to the Commissioner for further administrative action (Doc. 21). The Clerk then entered judgment in Plaintiff's favor the following day (Doc. 22). As the prevailing party, Plaintiff now requests an award of $6,523.26 in attorney's fees. Having considered the motion, Defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the EAJA, I recommend that Plaintiff be awarded the requested fees, costs, and expenses.

In order for Plaintiff to be awarded fees under EAJA, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees;[1] (2)

---

[1] The plaintiff in a social security case has 30 days beyond the 60-day appeal window to apply for fees and other expenses under the EAJA, for a total of 90 days after judgment. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); Fed. R. App. P. 4(a)(1)(B); *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1343 (M.D. Fla. 2002). In this case, Plaintiff timely filed her application for fees on November 13, 2020 (Doc. 23).

Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean,* 496 U.S. 154, 158 (1990); *McCullough v. Astrue*, 565 F. Supp. 2d 1327, 1330 (M.D. Fla. 2008).

Here, Plaintiff's counsel has certified that Defendant has no objection to the amount he seeks. (*See* Doc. 23 at 7). Further, as Plaintiff contends, the position of the United States was not substantially justified, and no special circumstances exist which would make an award of attorney's fees unjust in this instance. *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, Plaintiff has established her entitlement to attorney's fees.

With respect to the amount of attorney's fees, EAJA fees are decided under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir.1988), *aff'd* 496 U.S. 154 (1990). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992).

By her motion, Plaintiff seeks an award of attorney's fees in the amount of $6,523.26. The amount is based on a total of 31.5 hours expended by her attorney on this matter as follows: 2.9 hours in 2019 at a rate of $204.50/hour for a total of $593.05; 28.6 hours in 2020 at a rate of $207.35/hour for a total of $5,930.21 (Doc. 23 at 7). Based on the undersigned's

own knowledge and experience, the Court concludes that both the hourly rates and the number of hours requested are fair and reasonable. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (stating that "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value") (quotation omitted). Therefore, the Court recommends that Plaintiff be awarded attorney's fees in the amount of $6,523.26.

If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees (Doc. 23-1 at 2) and pay the fees directly to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010) (discussing the government's practice to make direct payment of fees to attorneys only in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney").

Accordingly, for the foregoing reasons, it is hereby

**RECOMMENDED**:

1. Plaintiff's Unopposed Motion for Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. 23) be granted.
2. Plaintiff be awarded $6,523.26 in attorney's fees.
3. The Clerk be directed to enter an amended judgment accordingly.

**IT IS SO REPORTED** at Tampa, Florida on November 19, 2020.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

cc:   Hon. Thomas P. Barber